**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2573
_____

IVY DONALDSON,
                                        Appellant

v.

SEPTA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-04475)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2020
Before:  AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion file:  July 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

    Ivy Donaldson, proceeding pro se, appeals from a judgment entered after a jury

trial on claims of gender discrimination and retaliation that she brought against the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Southeastern Pennsylvania Transportation Authority (SEPTA). For the following reasons, we will affirm.

Donaldson began working as a SEPTA bus operator in 2005. In April 2015, Donaldson's supervisor at SEPTA's Southern District, Richard Duckett, observed her violate rules that require bus operators to report to the dispatcher and remain at the District until they receive their assignment, unless they receive permission to leave. [1] Following an informal hearing, the Southern District Assistant Director, Thomas Ropars, recommended that Donaldson receive a three-day suspension. Donaldson, through her union, challenged that recommendation. SEPTA Senior Director Thomas Marcucci denied the challenge. The union appealed, and SEPTA's Labor Relations Department rescinded the suspension. Donaldson next filed a complaint against Duckett with SEPTA's Equal Employment Opportunity (EEO) Department. A Manager of Employee Relations investigated the allegations in the complaint and determined that they did not meet the statutory requirements for discriminatory harassment.

While driving her route on May 5, 2015, Donaldson lost control of the bus, which jumped a median and became disabled on railroad tracks. Donaldson and two passengers were injured. Donaldson was charged with numerous SEPTA rule violations. Duckett

---

[1] This was the second time that Duckett had observed Donaldson breaking those rules. The first incident, which occurred in July 2014, resulted in a recommended one-day suspension.

recommended that Donaldson be discharged, Marcucci denied Donaldson's union grievance, and Labor Relations Manager Joseph Horbury upheld that determination.

In October 2017, Donaldson filed a complaint in the United States District Court for the Eastern District of Pennsylvania. Citing Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act (PHRA),[2] Donaldson alleged that her discharge was based on her gender and was done in retaliation for filing the EEO complaint. The case proceeded to trial. In support of her gender discrimination claim, Donaldson introduced evidence regarding five male bus drivers who, Donaldson claimed, had engaged in similar conduct but were not discharged. In response to Donaldson's discrimination claim, Duckett testified that Donaldson's rule violations provided a legitimate, non-retaliatory reason for recommending her discharge. The eight-member jury, consisting of four women and four men, found in favor of SEPTA and against Donaldson. Donaldson appealed.[3]

Donaldson argues that the evidence was insufficient to support the jury's verdict in SEPTA's favor. "Our review of a jury's verdict is limited to determining whether some evidence in the record supports the jury's verdict." LePage's Inc. v. 3M, 324 F.3d 141, 146 (3d Cir. 2003). "A jury verdict will not be overturned unless the record is critically deficient of that quantum of evidence from which a jury could have rationally reached its

---

[2] The analysis for adjudicating a claim under the PHRA is identical to a Title VII inquiry. Jones v. School Dist. Of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291.

verdict." Swineford v. Snyder County, Pa., 15 F.3d 1258, 1265 (3d Cir. 1994). Here, the jury concluded that Donaldson failed to establish by a preponderance of the evidence that SEPTA either retaliated against her for bringing the EEO charges or discriminated against her on the basis of her gender by terminating her employment. Those determinations were supported by ample evidence that SEPTA had a legitimate, non-discriminatory basis for citing Donaldson for the accident and for terminating her employment. See McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973) (explaining that an employer can defeat a discrimination claim by articulating a legitimate, non-discriminatory reason for the adverse employment action); see also Moore v. City of Phila., 461 F.3d 331, 342 (3d Cir. 2006) (discussing retaliation claims).

In their testimony, Duckett and Marcucci identified the rules the Donaldson had violated, explained the evidence that supported their decisions, and described the rationale for her discharge. For instance, they testified that video from the bus indicated that Donaldson had not fastened her seatbelt, failed to stop at a stop sign, drove on the wrong side of the road, deviated from her scheduled route, and engaged in reckless and aggressive driving. Duckett and Marcucci also indicated that Donaldson failed to properly secure the bus when parked, failed to wear her uniform in the prescribed manner, failed to report unusual conditions to the control center, and failed to take the safest course of action. These violations, in totality, warranted discharge, Duckett and Marcucci testified. Notably, Donaldson did not dispute that she had committed work rule

4

violations in connection with the bus accident. And she did not provide evidence that the legitimate reason for discharging her was a pretext for retaliation and discrimination.

The evidence also demonstrated that Donaldson's alleged comparators were not similarly situated to her. See Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994) (holding that a plaintiff can challenge a legitimate reason for an employment action by showing, inter alia, that the employer treated other, similarly situated persons not of her protected class more favorably). The jury heard about five male bus drivers, who were cited for violations but were not discharged. But the male drivers' infractions were not as severe or numerous as those of Donaldson. See Johnson v. Kroger Co., 319 F.3d 858, 867 (6th Cir. 2003) ("In the context of personnel actions, the relevant factors for determining whether employees are similarly situated often include the employees' supervisors, the standards that the employees had to meet, and the employees' conduct." (citation omitted)). In particular, one driver was cited for performing a U-turn that was not on his route and for hitting a stationary pole in a parking lot. A second driver was not wearing his seat belt when his bus was hit by a car that had run a red light. The third driver hit a parked car with the bus's mirror. But that driver had not deviated from his route, operated the bus in the oncoming lane of traffic, or failed to stop at a stop sign. Likewise, the fourth driver had not committed those infractions when his bus struck the rear of another SEPTA bus. A supervisor recommended that the fifth driver be discharged after he hit a pedestrian, but Marcucci reduced the discipline to a warning. Marcucci testified that, unlike with Donaldson, the evidence demonstrated that the driver

had only a few seconds to react when the pedestrian walked off the curb and into the street. Because these incidents can be differentiated from the violations that led to Donaldson's discharge, there was an adequate basis for the jury to find that Donaldson failed to show that the male drivers were similarly situated to her.

Donaldson also argues that she was denied an impartial jury of her peers. In support of this claim, Donaldson states that she is African American and that the jury was comprised of "7 White Men and Women and 1 Black Woman." To the extent that Donaldson seeks to challenge juror competency or jury selection procedures, the claims have been waived because they were not raised at trial. See 28 U.S.C. § 1867(c) (requiring timely objection in civil cases to preserve issues under the Jury Selection Act). Moreover, Donaldson has submitted no evidence establishing that the jurors were not, in fact, impartial.

Finally, Donaldson claims that the attorney who represented her in District Court "failed in an attempt of representation of the nature of the charges and evidence." There is, however, no recognized constitutional or statutory right to the effective assistance of counsel in a civil case. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Consequently, Donaldson is not entitled to relief based on alleged ineffective assistance of counsel.

For the foregoing reasons, we will affirm the judgment of the District Court.